UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2565 AB (PVC)                          Date:  April 25, 2022

Title        Delcree White, Jr. v. Seth Mohr, et al.

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER  TO SHOW CAUSE WHY THIS
ACTION SHOULD NOT BE TRANSFERRED TO THE
EASTERN DISTRICT OF CALIFORNIA**

On April 15, 2022, Plaintiff, a California state prisoner proceeding *pro se*, filed a
civil rights complaint pursuant to 42 U.S.C. § 1983, (Dkt. No. 1), along with a request to
proceed *in forma pauperis*. (Dkt. No. 2).  The Complaint names as defendants
Corrections Officer Seth Mohr and Sergeant Daryl Heinkel, both of whom are employees
of California State Prison-Sacramento, where Plaintiff was incarcerated at the time of the
events at issue in the Complaint.  (Complaint at 3).  Plaintiff alleges that Officer Mohr
assaulted him with excessive force and fractured his wrist.  (*Id*. at 5).  Plaintiff further
alleges that Sergeant Heinkel ordered him to be restrained in leg irons and handcuffs so
tightly that he lost feeling in his arms and legs.  (*Id*.).  California State Prison-Sacramento
is located in Represa, California, in Sacramento County.  Plaintiff is currently
incarcerated at California Men's Colony State Prison in San Luis Obispo, California.

A review of the Complaint pursuant to 28 U.S.C. § 1915A(a) indicates that venue
for this action appears to lie within the Eastern District of California and that in the
interest of justice, this action should be transferred to that judicial district.  Where a civil
action is not based on diversity of citizenship, such as Plaintiff's § 1983 action here, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2565 AB (PVC)                          Date:  April 25, 2022

Title        Delcree White, Jr. v. Seth Mohr, et al.

federal venue statute requires that the action be brought only in:  (1) a judicial district
where any defendant resides, if all defendants reside in the same State; (2) a judicial
district in which a substantial part of events or omissions giving rise to the claim
occurred, or a substantial part of property that is the subject of the action is situated; or
(3) a judicial district in which any defendant may be found, if there is no judicial district
in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

        In this case, Plaintiff does not allege that the defendants reside in this judicial
district.  Rather, the defendants are alleged to be employees of California State Prison-
Sacramento, an institution located in the Eastern District of California.  Furthermore, all
events giving rise to Plaintiff's claims occurred at California State Prison-Sacramento.
(*See* Complaint at 3, 5).  It does not appear that there is any basis for venue in the Central
District of California.  Therefore, because the defendants appear to be located in the
Eastern District of California and the events at issue took place in the Eastern District of
California, it appears that Plaintiff's Complaint should have been filed in the Eastern
District of California.  28 U.S.C. § 1391(b)(2).

        In the interest of justice, a federal court may transfer a case filed in the wrong
district to the correct district.  *See* 28 U.S.C. § 1406(a) (when a case is filed in a district in
which venue is entirely improper, the district court "shall dismiss, or if it be in the interest
of justice, transfer such case" to a district where venue properly lies); *see also Costlow v.
Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (a district court has the "authority to raise the
issue of defective venue on its own motion").

        Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE** within
**fourteen days** of the date of this Order why the Court should not order the Clerk of this
Court to transfer this matter to the United States District Court for the Eastern District of
California, Sacramento Division.  *See In re U.S. Dep't of Educ.*, 25 F.4th 692, 698 (9th
Cir. 2022) (a magistrate judge has jurisdiction to issue a transfer order under 28 U.S.C.
§ 636 without the approval of a district judge because it is a nondispositive order that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-2565 AB (PVC)                    Date:  April 25, 2022

Title         Delcree White, Jr. v. Seth Mohr, et al.

"merely transfer[s] the action to another federal court and [does] not affect the viability of a claim or defense").  Plaintiff may discharge this Order by filing either (1) a response explaining why venue properly lies in the Central District of California or (2) a notice of non-opposition to the transfer of this matter to the Eastern District of California.

**Plaintiff is expressly cautioned that if he does not respond to this Order by the Court's deadline, this matter will be transferred to the Eastern District of California without further notice.**

IT IS SO ORDERED.

| | |
|---|---|
| | 00:00 |
| **Initials of Preparer** | mr |